NO. 07-09-0291-CR
NO. 07-09-0292-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 9, 2010

_____

VICTOR JOE CORTEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 58,786-A, 58,787-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Victor Joe Cortez, was convicted by a jury of three counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact enhanced by a prior conviction for the felony offense of indecency with a child.[1] He was sentenced to confinement for three consecutive life sentences and one

_____

[1]*See* Indictments for Causes Nos. 58,786-A and 58,787-A. *See also* Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1), 12.42(c)(2) (Vernon Supp. 2009), respectively.

concurrent life sentence.  In presenting his appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  See *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has also demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review.  *In re Schulman,* 252 S.W.3d at 408.[3]  No response was filed by the State.  Appellant filed a *pro se* response to counsel's brief.[4]

---

[2]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal,* counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.  *See In re Schulman*, 252 S.W.2d at 408 n.22 & 411 n.35.

[4]By his *pro se* response, Appellant raised two issues.  He questions (1) whether the trial court should have conducted an investigation into an alleged conflict of interest between the prosecutor and defense counsel and (2) whether defense counsel should have filed certain motions.  Appellant's "third issue" is in actuality a single-sentence conclusion, i.e., that, but for counsel's unprofessional conduct and deficient performance, the outcome of his trial would have been different.

2

By his *Anders brief*, counsel raises three arguable issues: (1) whether the trial court erred by ordering three of Appellant's life sentences to run consecutively, (2) whether Appellant's punishment was properly enhanced to automatic life, despite the State's use of the same prior conviction to enhance two separate offenses, and (3) whether the evidence was both legally and factually sufficient to support Appellant's conviction. Counsel then candidly reviews each arguable issue and explains why no reversible error is presented.

Where we have an *Anders* brief by counsel and a *pro se* response, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)). However, "[o]nly after the issues have been briefed by new counsel may a court of appeals address the merits of the issues." 178 S.W.3d at 827.

We have reviewed counsel's arguments and we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the record,

3

counsel's brief and Appellant's *pro se* response, we find nothing in the record that might arguably support the appeal. *See Bledsoe*, 178 S.W.3d at 826-27 (holding that it is constitutional error for an appellate court to address nonmeritorious arguments raised in a *pro se* response to an *Anders* brief).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.